# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|                          |   |                               |
|--------------------------|---|-------------------------------|
| SHARON ANZALDI,          | ) |                               |
|                          | ) |                               |
|   Petitioner,  | ) |                               |
|                          | ) |                               |
|   v.           | ) | Civil Action No. 14-0658 (ESH) |
|                          | ) |                               |
| FRANCISCO QUINTANT,      | ) |                               |
|                          | ) |                               |
|   Respondent.  | ) |                               |
|                          | ) |                               |

## MEMORANDUM OPINION

This matter is before the Court on Petitioner Sharon Anzaldi's petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Pet. for Writ of Habeas Corpus, Apr. 14, 2014 [ECF No. 1].) Petitioner is presently in federal custody at the Federal Medical Center ("FMC") in Lexington, Kentucky, pursuant to a judgment of the United States District Court for the Northern District of Illinois. (Pet. at 1; *see also* Judgment, *United States v. Anzaldi*, No. 1:11-cr-00820-1, Jan. 15, 2014.) She names the warden of FMC Lexington as the respondent to her petition.

A habeas petition under § 2241 must be filed in the federal court with territorial jurisdiction over petitioner's immediate custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 439, 124 (2004). FMC Lexington and its warden are located within the territorial jurisdiction of the United States District Court for the Eastern District of Kentucky. *See* Federal Bureau of Prisons, FMC Lexington, http://www.bop.gov/locations/institutions/lex/ (last visited April 24, 2014) (identifying Eastern District of Kentucky as the judicial district encompassing FMC Lexington). Thus, this Court lacks jurisdiction over petitioner's habeas petition.

A court shall transfer a habeas petition to a court with proper territorial jurisdiction when such transfer is "in the interests of justice." 28 U.S.C. § 1631; *see, e.g.*, *Bailey v. Fulwood*, 780 F. Supp. 2d 20, 26-27 (D.D.C. 2011). As a transfer would avoid the inefficiency of dismissing this action and requiring petitioner to refile it, the Court finds it in the interest of justice to transfer this action to the proper court. *See Stern v. Fed. Bureau of Prisons*, 601 F. Supp. 2d 303, 306–07 (D.D.C. 2009) (a transfer is in the interest of justice where "it would be time-consuming and potentially costly" for a petitioner to refile his petition in the proper court).

Accordingly, the above-captioned case will be transferred to the United States District Court for the Eastern District of Kentucky. A separate Order accompanies this Memorandum Opinion.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: April 24, 2014